**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

**TIMOTHY MORAN,**

Plaintiff,

Case No. 26-cv-1047

vs.

**UNUM LIFE INSURANCE COMPANY OF AMERICA,**

Defendant.

---

# COMPLAINT

---

The Plaintiff, Timothy Moran, by Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Marathon County.

2. Defendant, Unum Life Insurance Company of America ("Unum"), is a corporation organized under the laws of Maine, licensed to do business in Wisconsin. Unum's registered agent for service of process in the State of Wisconsin is Corporation Service Company located at 33 E. Main Street, Suite 610, Madison, WI 53703.

## JURISDICTION & VENUE

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

5. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

6. Plaintiff's administrative remedies have been exhausted because his claim has been deemed denied due to Unum's failure to timely issue a determination on appeal or to request an extension of time to do so.

## FACTS

7. Plaintiff is a former Anesthesiologist for Central Wisconsin Anesthesiology, S.C.

8. During the course of Plaintiff's employment, Plaintiff became eligible for coverage under the employer's short-term ("STDI") and long-term disability insurance ("LTDI") Plan.

9. Plaintiff reduced his work schedule on or about January 1, 2025 due to his medical conditions, including left thumb MCP joint posttraumatic osteoarthritis with radial collateral ligament insufficiency.

10. Plaintiff ceased working entirely as of November 28, 2025 due to the impact of his health conditions on his ability to perform the material and substantial duties of his occupation as an Anesthesiologist, including safely mask ventilating anesthetized patients in need of airway support.

11. Shortly after becoming completely disabled in late 2025, Plaintiff filed a claim for STDI and LTDI benefits.

12. Plaintiff's LTDI benefit is worth approximately $15,000.00 per month.

13. Defendant was responsible for determining whether Plaintiff was eligible for STDI and LTDI benefits.

14. Defendant was responsible for paying Plaintiff's STDI benefits.

15. Defendant was responsible for paying Plaintiff's LTDI benefits.

16. Defendant denied Plaintiff's LTDI benefits claim as of March 17, 2026.

17. Defendant never issued a determination on Plaintiff's application for STDI benefits.

18. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim on September 4, 2026.

19. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

20. Plaintiff submitted all information requested by the Defendant.

21. Defendant had until October 19, 2026 to issue a determination on Plaintiff's appeal or to request an extension of time to issue a determination due to special circumstances.

22. Defendant failed to consider the issues raised in Plaintiff's appeal.

23. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

24. Defendant did not perform a "full and fair review" of Plaintiff's claim.

25. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

26. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

27. Defendant failed to engage in a meaningful dialogue with Plaintiff.

28. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

29. Defendant conducted a selective review of Plaintiff's medical records.

30. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

31. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

32. At all times material to this case, the Plan has remained in full force and effect.

33. Defendant's denial of Plaintiff's claim LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

34. The preceding paragraphs are reincorporated by reference as though set forth here in full.

35. Plaintiff has been and remains disabled, as that term is defined by the Plan.

36. Pursuant to *Fessenden v. Reliance Std. Life Ins. Co*., 927 F.3d 998 (7th Cir. 2019), the proper standard of review is *de novo* because Defendant has failed to timely issue a benefit determination on Plaintiff's appeal.

37. Defendants wrongfully denied LTDI benefits due to Plaintiff.

38. Alternatively, if a deferential standard of review applies, then Defendants arbitrarily, capriciously, and unreasonably denied Plaintiff's benefits.

39. Defendants interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

40. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the Plans from one case to the next.

41. Defendants' denial of Plaintiff's LTDI benefits was incorrect and "downright unreasonable."

42. For these and other reasons, Defendants wrongfully denied Plaintiff's claim for STDI and LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**REQUEST FOR RELIEF:**

**WHEREFORE** the Plaintiff, Timothy Moran, demands judgment from the Defendant for the following:

A. Payment of all retroactive STDI and LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: October 20, 2026.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Timothy Moran*

By: *<u>/s/ Timothy P. Maynard</u>*
Timothy P. Maynard, SBN 1080953
Hawks Quindel, S.C.
5150 N. Port Washington Road, # 243
Milwaukee, WI 53217

Ph: (414) 271-8650
Fax: (414) 207-6079
Email: tmaynard@hq-law.com